# IN THE UNITED STATE DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Lloyd Barrett<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>DVA Healthcare Renal Care, Inc.<br>d/b/a DaVita Abington Dialysis<br><br>And<br><br>Cole HC Willow Grove PA, LLC<br><br>And<br><br>CBRE, Inc.<br><br>And<br><br>AAI Mechanical<br><br>And<br><br>Allegion Access Technologies LLC<br>f/k/a Stanley Access Technologies LLC<br><br>　　　　　　　Defendants. | CIVIL ACTION<br><br>NO.: |

**DEFENDANT, DVA HEALTHCARE RENAL CARE, INC. D/B/A ABINGTON DIALYSIS'
PETITION FOR NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332 and 1441**

Defendant, DVA Healthcare Renal Care, Inc. d/b/a Abington Dialysis (incorrectly identified in the underlying action as DVA Healthcare Renal Care, Inc. d/b/a DaVita Abington Dialysis) (hereinafter "Removing Defendant" or "DVA Healthcare"), by and through its attorneys, Post & Schell, P.C., hereby petition this Court to remove the action which is presently docketed in the Court of Common Pleas of Philadelphia County, Case No. 250402992, pursuant to 28 U.S.C.

§ 1332 and 28 U.S.C. § 1441, *et seq.*, to the United States District Court for the Eastern District of Pennsylvania, and in support thereof avers as follows:

## I. NATURE OF ACTION

1. This premises liability action arises out of an alleged incident which occurred on September 23, 2024 when the Plaintiff, Lloyd Barrett, fell after an exterior door allegedly became stuck and Plaintiff attempted to push the door open himself causing him to fall and fracture his hip. A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit "A."

2. As pled in Plaintiff's Complaint, Plaintiff is a citizen and resident of the Commonwealth of Pennsylvania, with an address of 615 Colonial Drive, Horsham, Pennsylvania 19044. See Exhibit A, ¶1.

3. Removing Defendant, DVA Healthcare Renal Care, Inc. d/b/a Abington Dialysis, is a Nevada corporation with a principal place of business located at 2000 16th Street Mall, Denver Colorado 80202.

## II. PROCEDURAL HISTORY

4. On May 20, 2025, Plaintiff filed the instant Complaint in the Philadelphia Court of Common Pleas. See generally Exhibit A.

5. Pursuant to 28 U.S.C. § 1446(b)(2)(B), a defendant has thirty (30) days after service of the Complaint to file a notice of removal.

6. Removing Defendant was purportedly served on May 29, 2025.

7. Accordingly, the present Petition for Removal is timely.

**III.    LEGAL ARGUMENT**

    **A. The Adverse Parties are Completely Diverse**

8.    Pursuant to 28 U.S.C. § 1332, a matter may be removed to Federal Court based on the diversity of citizenship of the parties.

9.    Complete diversity of citizenship between the parties exists when "every Plaintiff [is] of diverse state citizenship from every defendant." In re Briscoe, 448 F.3d 201, 215 (3d Cir. 2006).

10.    A corporation is considered to be a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c).

11.    Under the "nerve center" test adopted by the United States Supreme Court, a corporation's principal place of business is the headquarters of the corporation, *i.e.* that "place where a corporations' officers direct, control, and coordinate the corporation's activities." Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010).

12.    As stated above, Plaintiff is a citizen and resident of Pennsylvania and Removing Defendant is a Nevada corporation with a principal place of business in Colorado.

13.    Defendant, Cole HC Willow Grove PA, LLC, is a Delaware limited liability company with a principal place of business at 11995 El Camino Rela, San Diego, California 92130.

14.    Defendant, CBRE, Inc., is a Delaware corporation with a principal place of business at 2121 North Pearl Street, Suite 300, Dallas, Texas 75201.

15.    Defendant, AAI Mechanical Inc. (incorrectly identified as AAI Mechanical), is a Georgia corporation with a principal office address 900 Old Dawson Village Road, Suite 210, Dawsonville, Georgia 30534.

16. Defendant, Allegion Access Technologies LLC f/k/a Stanley Access Technologies LLC, is a Delaware limited liability company with a principal place of business at 11819 North Pennsylvania Street, Carmel, Indiana 46032.

17. As a result, there is complete diversity of citizenship between Plaintiff (Pennsylvania) and Defendants (Nevada, Colorado, Delaware, California, Indiana, Texas, and Georgia).

### B. The Amount in Controversy Exceeds $75,000.00

18. Under 28 U.S.C. § 1332(a), federal jurisdiction based on diversity of citizenship requires that the amount in controversy exceed $75,000.00.

19. The amount in controversy is measured by the pecuniary value of the rights being litigated. Hunt v. Washington Apple Advertising Commission, 432 U.S. 333, 347 (1977).

20. "The amount in controversy is **not** measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigation." Angus v. Shiley, Inc., 989 F.2d 142, 146 (3d Cir. 1993) (citing Hunt, 432 U.S. at 347) (emphasis added).

21. The Court must find that the amount in controversy requirement has been satisfied when a reasonable jury could value the plaintiff's losses at an amount above the jurisdictional minimum. Id.; see also Corwin Jeep Sales & Service v. American Motors Sales Corp., 670 F. Supp. 591, 596 (M.D. Pa. 1986) (finding the amount in controversy requirement met when the court could not "find a legal certainty that the parties' respective rights under the franchise agreement are worth less than jurisdictional minimum.").

22. While Removing Defendant disputes Plaintiff's allegations, considering the damages claimed by Plaintiff, if taken to be true, a reasonable jury could value Plaintiff 's losses at an amount in excess of the $75,000.00 amount in controversy requirement.

**C. Removing Defendant has the Consent of All Defendants Who Have Been Served**

23. Pursuant to 28 U.S.C. § 1446(b)(2)(A), "[w]hen a civil action is removed solely under section 1441(a), all defendants **who have been properly joined and served** must join in or consent to the removal of the action." (emphasis added).

24. Removing Defendant has obtained the consent of the served Defendants, Allegion Access Technologies LLC f/k/a Stanley Access Technologies LLC and CBRE, Inc. in this action. See Consent to Removal Defendants, Allegion Access Technologies LLC f/k/a Stanley Access Technologies LLC and CBRE, Inc. attached as Exhibit "B."

**WHEREFORE**, Defendant, DVA Healthcare Renal Care, Inc. d/b/a Abington Dialysis, respectfully requests that this Honorable Court find this case to have been properly removed and assume full jurisdiction of this matter.

Respectfully submitted,

**POST & SCHELL, P.C.**

**BY**: _____

**DATED**: June 18, 2025

DANIEL S. ALTSCHULER, ESQUIRE
PA Bar I.D. # 49470
BRENNEN A. MCCURDY, ESQUIRE
PA Bar I.D. # 333855

*Attorneys for Defendant*,
DVA Healthcare Renal Care, Inc. d/b/a Abington Dialysis (incorrectly identified as DVA Healthcare Renal Care d/b/a DaVita Abington Dialysis)